IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   COLOPLAST CORP.
         PELVIC SUPPORT SYSTEM
         PRODUCTS LIABILITY LITIGATION                MDL No. 2387

THIS DOCUMENT RELATES TO:

*Janie Smith v. Coloplast Corp.*                     Civil Action No. 2:13-cv-15065

MEMORANDUM OPINION & ORDER

Pending before the court is Defendant's Motion to Dismiss [ECF No. 39] filed by Coloplast Corp. ("Coloplast"). The plaintiff has not responded, and the deadline for responding has expired. Thus, this matter is ripe for my review. For the reasons stated below, Coloplast's Motion is **DENIED**.

I.   Background

The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the six remaining MDLs, there are nearly 20,000 cases currently pending, approximately 70 of which are in the Coloplast MDL, MDL 2387.

In an effort to efficiently and effectively manage this MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the

appropriate district for trial. To this end, the court originally placed this and other cases in Coloplast Wave 1. Pretrial Order ("PTO") # 102 Ex. A, at 1 [ECF No. 5-1]. On August 1, 2017, the court granted the parties' agreed motion to move this and other cases to Coloplast Wave 4. Order [ECF No. 33].

Previously, on June 29, 2017, the court had issued a PTO in all Wave 4 cases directing counsel for those cases to meet and confer "to engage in good faith discussions about the possibility of settlement." PTO # 134, at ¶ 1, *In re Coloplast Corp., Pelvic Support Sys. Prods. Liab. Litig.*, No. 2:12-md-02387, http://www.wvsd.uscourts.gov/MDL/2387/orders.html. However, because the plaintiff's case had not yet been moved to Wave 4, it does not appear on the list of cases attached to PTO # 134, nor was PTO # 134 ever filed in the plaintiff's case.

In its Motion to Dismiss, Coloplast incorrectly states, "Indeed, the instant matter is listed on Exhibit A to PTO 134." Def.'s Mot. Dismiss ¶ 1. Because the plaintiff has not made contact with defendant's counsel to discuss settlement, Coloplast now seeks dismissal of the plaintiff's case with prejudice.

Because the plaintiff's case was not in fact included on the list of cases to which PTO # 134 applied, and because that PTO was never retroactively applied to the plaintiff's case, I **FIND** that the plaintiff was not directed by the court to meet and confer with defendant's counsel to engage in settlement discussions. Accordingly, the plaintiff has not violated any such order.

## II. Conclusion

It is **ORDERED** that Defendant's Motion to Dismiss [ECF No. 39] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 23, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE